UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

GWENDOLYN HAGERMAN,        )
                          )
        Petitioner,       )
                          )        No. 3:17-CV-00549-JRG-HBG
v.                        )
                          )
TRINITY MINTER,           )
                          )
        Respondent.       )

## MEMORANDUM OPINION

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed by pro se prisoner Gwendolyn Hagerman ("Petitioner"), challenging the constitutionality of her confinement under state court judgments of conviction for rape of a child [Doc. 1]. Respondent filed a response in opposition to Petitioner's pleading, as well as a copy of the state record [Docs. 7, 8]. For the reasons set forth below, Petitioner's § 2254 petition [Doc. 1] will be **DENIED** and this action will be **DISMISSED**.

## I.    PROCEDURAL HISTORY

In October of 2009, the Sullivan County Grand Jury indicted Petitioner on ten counts of rape of a child and one count of statutory rape involving her then-girlfriend's daughter. In September of 2010, the Sullivan County Grand Jury issued a superseding presentment against Petitioner for six counts of rape of a child. On the first day of trial, the State moved to dismiss count six of the presentment. The proof at trial painted a story of Petitioner's sexual abuse of the victim, whom she referred to as "Baby Girl," beginning just prior the victim's twelfth birthday. At the conclusion of the proof, Petitioner was found guilty of five counts of rape of a child. *See State*

*v. Gwendolyn Hagerman*, No. E2011–002233–CCA–R3–CD, 2013 WL 2445364, at *1–28 (Tenn. Crim. App. June 4, 2013), *perm. app. granted* (Tenn. Nov. 13, 2013).

The trial court initially sentenced Petitioner to twenty-five years for each conviction and ordered partial consecutive sentencing for a total effective sentence of seventy-five years at 100% service. The trial court later resentenced Petitioner to twenty years on each count with partial consecutive sentencing for a total effective sentence of sixty years at 100%. The reason behind the resentencing is not entirely clear from the record; however, it appears that Petitioner's sentences were modified to the presumptive length of twenty years under the law applicable to the crimes at the time. *See* T.C.A. § 40–35–210(c) (2003) (amended 2005); *Blakely v. Washington*, 542 U.S. 296, 305 (2004).

On direct appeal, Petitioner challenged the sufficiency of the evidence and her sentence. Additionally, she argued that there was a material variance between the presentment, bill of particulars, election of offenses, and the proof; that the trial court erred in denying a motion to dismiss; and that the trial court erred by refusing to conduct an in camera review of the Department of Children's Services records pertaining to the victim. The Tennessee Court of Criminal Appeals ("TCCA") denied relief and affirmed the judgments of the trial court. *Gwendolyn Hagerman*, 2013 WL 2445364, at *1. The Tennessee Supreme Court ("TSC") granted permission to appeal and issued an order remanding the case to the TCCA "with direction to order the parties to supplement the appellate record with the victim's Department of Children's Services records, which were sealed and filed with the trial court, and to reconsider the case." *Id.* On remand, the TCCA reviewed the sealed records and again affirmed the convictions. *State v. Gwendolyn Hagerman*, No. E2011–00233–CCA–R3–CD, 2013 WL 6729912, at *1 (Tenn. Crim. App. Dec. 19, 2013), *perm. app. denied* (Tenn. July 11, 2014).

On June 26, 2015, Petitioner filed a timely pro se petition for post-conviction relief. In the petition, she presented various allegations of ineffective assistance of trial counsel, argued that her sentence was cruel and unusual, and challenged allegedly biased statements made by the trial court regarding her sexual orientation. In addition to post-conviction relief, Petitioner included a motion for correction of an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1.

The post-conviction court entered a preliminary order finding that Petitioner stated a colorable claim with respect to several allegations of ineffective assistance of counsel. The post-conviction court appointed counsel and an amended petition was filed raising additional grounds for relief. At the outset of the hearing on the petition for post-conviction relief, Petitioner waived all issues raised in the petition except for the allegation that trial counsel was ineffective for failing to timely convey plea offers to Petitioner prior to trial. Following an evidentiary hearing, the post-conviction court denied relief.

On appeal, the TCCA affirmed the denial of post-conviction relief. *Hagerman v. State*, No. E201601555CCAR3PC, 2017 WL 1907721, at *5 (Tenn. Crim. App. May 9, 2017), *appeal denied* (Sept. 20, 2017). The TSC denied discretionary review of this decision.

On December 20, 2017, Petitioner filed a timely pro se petition for writ of habeas corpus [Doc. 1]. This matter is now ripe for the Court's review.

## II.     FACTUAL BACKGROUND PERTAINING TO ALLEGATIONS

At the post-conviction hearing, Petitioner argued that trial counsel was ineffective for failing to timely convey plea offers to Petitioner prior to trial. *Hagerman*, 2017 WL 1907721, at *2. Petitioner was shown a letter from the State to trial counsel dated February 16, 2010. *Id*. In the letter, the State offered a fifteen-year plea deal specifying that all counts would run concurrently. *Id*. Petitioner testified that trial counsel did not show her the letter or give her a

copy of the letter prior to trial. *Id*. She insisted that had she seen the letter, she would have accepted the plea deal. *Id*.

Petitioner further testified that on the morning of trial, trial counsel reported that the state had offered a ten-year plea deal. *Id*. According to Petitioner, this was the first time trial counsel mentioned plea negotiations or a plea offer. *Id*. When Petitioner expressed her desire to discuss the offer with her family, she claimed trial counsel exclaimed, "Whatever," and left the room. *Id*. Petitioner testified that she discussed the offer with her family and decided to accept the offer. *Id*. When trial counsel returned a minute later, he informed Petitioner that the deal was no longer ten years but fifteen years. *Id*. Petitioner recalled that trial counsel again left the room so that she could discuss the offer with her family. *Id*. When he returned, he informed Petitioner, "That's done, you're going to trial."

Bernice Hagerman, Petitioner's mother, also testified at the hearing on the post-conviction petition. *Id*. Ms. Hagerman accompanied Petitioner to the majority of her pre-trial appointments with trial counsel. *Id*. During one of these meetings, trial counsel left the office momentarily. *Id*. When trial counsel stepped out of the office, Ms. Hagerman picked up a piece of paper from trial counsel's desk, read it, and placed it back on the desk. *Id*. According to Ms. Hagerman, the document contained a fifteen-year plea offer from the State. *Id*. When trial counsel returned, they discussed the trial but did not discuss the document. *Id*. She did not ask trial counsel or Petitioner about the document. *Id*. Ms. Hagerman testified that the document she saw on trial counsel's desk was not the letter dated February 16, 2010.

Counsel for the State testified that she sent a letter to trial counsel on February 16, 2010. *Id*. The letter included a plea offer of fifteen years at 100% with all counts running concurrently. *Id*. Counsel for the State recalled providing discovery materials, including a notice for alibi with

the letter containing the plea offer but admitted that she was unaware if trial counsel shared the plea offer with Petitioner. *Id*. Counsel for the State did not recall any other plea offers, verbal or written. *Id*. On the day of trial, trial counsel presented a counter-offer of twenty years, described as "ten plus ten" at the hearing, with a 30% release eligibility and the option to apply for probation. *Id*. Counsel for the State rejected the counter-offer and informed trial counsel that all offers were revoked at that point. *Id*. Counsel for the State insisted that no offers were ever accepted by trial counsel. *Id*.

Trial counsel insisted that he met with Petitioner numerous times prior to trial to discuss the case. *Id*. at 3. Specifically, at one of these meetings, trial counsel recalled giving Petitioner a copy of the February 16, 2010 letter which contained the fifteen-year plea offer and demand for notice of an alibi. *Id*. The two discussed the offer at the meeting. *Id*. Trial counsel testified that this was the only offer he received from the State. *Id*. Trial counsel explained to Petitioner that the charges she faced at trial had no release eligibility and that the trial court had the authority to order consecutive sentencing if she was convicted, essentially exposing Petitioner to a life sentence. *Id*.

## III.    PETITIONER'S ALLEGATIONS

Petitioner raises two claims for relief in her § 2254 habeas corpus petition along with numerous sub-claims [Doc. 1]. Petitioner claims that (1) her trial counsel provided ineffective assistance, and (2) her sentence violates the Eighth Amendment prohibition of cruel and unusual punishment [*Id*. at 1-6].

Respondent asserts that the petition should be denied with prejudice because all claims alleged by Petitioner are either non-cognizable, deficiently pleaded, procedurally defaulted, and/or meritless [Doc. 8 at 11].

## IV. STANDARD OF REVIEW

The Court must review Petitioner's request for habeas corpus relief pursuant to the standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which allows state prisoners to seek federal habeas corpus relief on the ground that they are being held in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254; *Reed v. Farley*, 512 U.S. 339, 347 (1994). Congress has mandated that federal courts review state court adjudications on the merits of such claims using a "highly deferential" standard of review. *See, e.g.*, *Harrington v. Richter*, 562 U.S. 86, 105 (2011). Under this deferential standard, this Court is bound to accept the state court's findings of fact as true unless a petitioner presents "clear and convincing evidence" to the contrary. 28 U.S.C. § 2254(e)(1) (providing that "a determination of a factual issue by a state court shall be presumed to be correct" unless the petitioner rebuts that presumption with clear and convincing evidence); *see Seymour v. Walker*, 224 F.3d 542, 551-52 (6th Cir. 2000). Additionally, this Court may not grant habeas relief to a state prisoner unless the state court's decision on the merits of his claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Clearly established federal law," for the purposes of § 2254(d)(1), refers to rulings of the United States Supreme Court in place at the time of "the last state-court adjudication on the merits." *Greene v. Fisher*, 132 S. Ct. 38, 44 (2011); *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (defining clearly established federal law as "the governing legal principle or principles set

forth by the Supreme Court at the time the state court renders its decision"). A decision is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). A state court decision unreasonably applies clearly established federal law if "the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*

The standards set forth in the AEDPA's are "intentionally difficult to meet." *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015) (quoting *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014)). Ultimately, the AEDPA's highly deferential standard requires this Court to give the rulings of the state courts "the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002)).

However, before a federal court may review a federal claim raised in a habeas petition, it must first determine whether the petitioner has exhausted the remedies available to him in state court. *See* 28 U.S.C. § 2254(b)(1). If a federal habeas claim has not been presented to a state court for adjudication, then it is unexhausted and may not properly serve as the basis of a federal habeas petition. *See Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

The exhaustion "requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Wilson v. Mitchell*, 498 F.3d 491, 498–99 (6th Cir. 2007) (quoting *Lott v. Coyle*, 261 F.3d 594, 608 (6th Cir. 2001)). Under Tennessee Supreme Court Rule 39, a Tennessee prisoner exhausts a claim by raising it before the TCCA. *See Adams v. Holland*, 330 F.3d 398, 402 (6th Cir. 2003). A federal court will not review claims that were not entertained by the state court due

to the petitioner's failure to (1) raise those claims in the state courts while state remedies were available, or (2) comply with a state procedural rule that prevented the state courts from reaching the merits of the claims. *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).

A petitioner who fails to raise his federal claim in the state courts and who is now barred by a state procedural rule from returning with the claim to those courts has committed a procedural default. *See Coleman v. Thompson*, 501 U.S. 722, 732 (1991). A procedural default forecloses federal habeas review, unless the petitioner can show cause to excuse the failure to comply with the state procedural rule and actual prejudice resulting from the alleged constitutional violation. *Id.* at 750.

## V.    INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner claims her conviction and sentence are void because her trial counsel was ineffective. Specifically, Petitioner lists the following 8 sub-claims:

1.  Trial counsel failed to adequately negotiate for a plea agreement [Doc. 1 at 5];

2.  Trial counsel failed to subpoena two key witnesses [*Id.*];

3.  Trial counsel failed to adequately prepare for the case, leaving much of the preparation to Petitioner's life partner [*Id.*];

4.  Trial counsel failed to interview potential witnesses [*Id.*];

5.  Trial counsel failed to adequately examine the victim and other witnesses for the prosecution [*Id.*];

6.  Trial counsel failed to move for dismissal each time the state made a new presentment [*Id.*];

7.  Trial counsel failed to rebut the State's theory that Petitioner's family was lying to protect her, even though there was evidence to corroborate the statements of Petitioner's family [*Id.*];

8.  Trial counsel failed to make any attempt to counteract potential juror and judicial bias [*Id.*].

Respondent argues that Petitioner has procedurally defaulted sub-claim 1 because it is not the same claim she presented to the TCCA in the post-conviction appeal [Doc. 8 at 11]. However, Respondent asserts that if the Court finds that claim is subsumed by the claim in the post-conviction appeal, Petitioner cannot show that the TCCA's rejection of the claim was contrary to, or involved an unreasonable application of, clearly established federal law, or that it was based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceedings [*Id.*]. Respondent further asserts that Petitioner has procedurally defaulted sub-claims 2-8 by failing to present them to the TCCA [*Id.*].

## A. RULE OF LAW

The Sixth Amendment provides, in pertinent part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. Amend. VI. Under the Sixth Amendment, a defendant has a constitutional right not just to counsel, but to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the *Strickland* standard for proving ineffective assistance of counsel, a defendant must meet a two-pronged test: (1) that counsel's performance was deficient; and (2) that the deficient performance prejudiced the defense. *Id.*

Under the first prong of the test, the appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688. A petitioner asserting a claim of ineffective assistance must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The reasonableness of counsel's performance must be evaluated "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) (quoting *Strickland*, 466 U.S. at 689). A court considering counsel's performance "must indulge a strong presumption that

counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689.

The second prong requires the petitioner to show that counsel's deficient performance prejudiced the defense. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. In order to prevail on a claim of prejudice, a petitioner must show "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." *Id*. at 693. While both prongs must be established to meet a petitioner's burden, if "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id.* at 697.

Any § 2254(d)(1) claim reviewed under *Strickland* is "doubly deferential", affording both the state court and the defense attorney the benefit of the doubt. *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). Further, "[w]hen § 2254(d) applies, the question is not whether counsel's actions were reasonable," but instead "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington*, 562 U.S. at 105.

### 1.     Sub-Claim 1

In sub-claim 1, Petitioner argues that trial counsel "failed to adequately negotiate for a plea argument" [Doc. 1 at 5]. She asserts that "[t]he state made at least two offers for substantially less time than the Petitioner was facing. However, the offers were only available for a day or so before

they were withdrawn by the state" [*Id*.]. Petitioner faults trial counsel for making "no attempt to negotiate the proffered deal(s)." [*Id*.].

Petitioner raised this claim verbatim in her pro se petition for post-conviction relief [Doc. 7, Exhibit 25 at 12]. The post-conviction court denied the claim as follows:

> . . . the State has no duty to enter into plea negotiations, and once the State does enter into plea negotiations, the State may withdraw the plea negotiations at any time. The Post Conviction Procedure Act requires that a petition for relief set out grounds for relief and a full disclosure of the factual basis for those grounds and that failure to state a factual basis for those grounds shall result in the immediate dismissal of those grounds. Even if the allegations made by Petitioner were taken as true and viewed in a light most favorable to her, this ground does not state a colorable claim for relief. Additionally, Petitioner does not include any allegations of fact explaining why each ground for relief was not presented in any earlier proceeding. For the foregoing reason, [this ground] is dismissed.

[Doc. 7 Exhibit 25 at 27].

Thereafter, in the amended petition, post-conviction counsel re-framed the claim to argue that trial counsel was ineffective by failing to timely convey plea offers[1] [*Id*. at 31]. The post-conviction court proceeded to adjudicate the claim on the merits finding that "Petitioner ha[d] failed to prove by clear and convincing evidence that trial counsel's performance was deficient for failure to timely convey favorable plea offers to Petitioner" [Doc. 7 Exhibit 25 at 60].

Notably, in her amended post-conviction petition, Petitioner does not argue that allegation asserted in her § 2254 petition. In her amended petitioner, Petitioner argued that trial counsel was ineffective by failing to timely convey plea offers, while in the § 2254 at issue, Petitioner argues that trial counsel was ineffective by failing to adequately negotiate for a plea offer. Respondent argues, and this Court agrees, that the allegation raised at post-conviction and the allegation raised

---

[1] At the outset of the hearing on the petition for post-conviction relief, Petitioner waived all issues raised in the petition except for the allegation that trial counsel was ineffective for failing to timely convey plea offers to Petitioner prior to trial. *Hagerman*, 2017 WL 1907721, at *2.

here are completely different [*See* Doc. 8 at 12]. The former allegation focuses on trial counsel's actions after obtaining the offer, while the latter allegation addresses trial counsel's performance in actually obtaining a plea offer [*Id.*].

Petitioner appealed the post-conviction court's finding that trial counsel did, in fact, explain and convey the plea agreement to Petitioner [Doc. 7, Exhibit 32]. Petitioner did not argue on appeal that trial counsel failed to adequately negotiate for a plea agreement. Because the two claims differ, the claim Petitioner raises in her federal habeas petition was not presented to the TCCA and is procedurally defaulted.

Because Petitioner never presented this claim to the TCCA, it is not reviewable by the Court under § 2254. Furthermore, Petitioner is now precluded from raising this claim in a state post-conviction proceeding as the time for seeking such relief has long since passed. Tennessee Code Annotated § 40-30-102(a) and (b); *Seals v. State*, 23 S.W.3d 272, 276 (Tenn. 2000). As previously stated, a petitioner who fails to raise her federal claim in the state courts and who is now barred by a state procedural rule from returning with the claim to those courts has committed a procedural default. *See Coleman*, 501 U.S. at 732. A procedural default forecloses federal habeas review, unless the petitioner can show cause to excuse the failure to comply with the state procedural rule and actual prejudice resulting from the alleged constitutional violation. *Id.* at 750. Here, Petitioner has asserted no cause for not raising this claim on appeal.

Moreover, Petitioner cannot establish "actual innocence" as an exception to the procedural default rule. The Supreme Court has held that "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). However, "actual innocence" is an extremely narrow

exception, and "claims of actual innocence are rarely successful." *Schlup v. Delo*, 513 U.S. 298, 321 (1995). This is not an extraordinary case.

Accordingly, because Petitioner failed to exhaust her claim of ineffective assistance of counsel based on counsel's failure to negotiate plea agreements and she now is precluded from doing so, those claims have been procedurally defaulted. Since Petitioner has established neither cause or prejudice to excuse her procedural default of those claims, nor has she established her actual innocence, this claim will be **DISMISSED**.

### 2. Sub-Claims 2-8

In her § 2254 petition, Petitioner acknowledges that she did not present sub-claims 2-8 to the TCCA [Doc. 1 at 5]. Petitioner raised sub-claims 6 (trial counsel failed to move for dismissal each time the state made a new presentment) and 8 (Trial counsel failed to make any attempt to counteract potential juror and judicial bias) in her pro se petition for post-conviction relief [Doc. 7, Exhibit 25]. The post-conviction court summarily dismissed these claims, finding that they failed to state colorable claims for post-conviction relief [*Id*.]. This summary dismissal functioned as an adjudication of the claims.

Moreover, Petitioner raised claims 2-5 and 7 in the amended petition for post-conviction relief [Doc. 7 Exhibit 25]. After post-conviction counsel informed the post-conviction court that he planned to waive these claims, the post-conviction court held a colloquy with Petitioner about the consequences of the waiver [Doc. 7, Exhibit 26]. Petitioner affirmed that she had consulted with post-conviction counsel about her post-conviction case [*Id*.]. She acknowledged that she would only receive one post-conviction hearing to present her claims, and she affirmed that she agreed with post-conviction counsel's strategy to waive these claims [*Id*.].

At the second part of the bifurcated hearing, the post-conviction court reminded the parties that because Petitioner voluntarily waived all other claims, the hearing would only concern the ineffective assistance of counsel in regard to the conveyance of plea offers [Doc. 8 (citing Doc. 7, Exhibit 27)]. In the order denying post-conviction relief, the post-conviction court specifically found that "[a]ll other grounds included in the petition are hereby denied as a result of Petitioner's voluntary withdrawal of said grounds." [Doc. 7 Exhibit 25]. Because the post-conviction court ruled on claims 2-5 and 7, Petitioner could have challenged that ruling in the post-conviction appeal. By failing to raise any of these issues in the post-conviction appeal, Petitioner procedurally defaulted the claims and they are not reviewable by the Court under § 2254. Petitioner failed to allege any cause to excuse this default. Accordingly, these remaining ineffective of counsel claims are procedurally defaulted. The Court finds that Petitioner is not entitled to relief for sub-claims 2-8, and these claims will be **DISMISSED**.

**B.      SENTENCING ERROR**

Petitioner argues that her sentence is excessive compared to other similar cases [Doc. 1 at 6-7]. She claims that the trial court was biased toward her due to her sexual orientation and "inflicted a sentence well beyond the purpose and construct of the 1989 Sentencing Act as well as the Eighth Amendment against cruel and unusual punishment" [*Id*. at 7].

With regard to this claim, the Court notes, first, that to the extent Petitioner is asserting that her sentence violated the 1989 Sentencing Act, which is state law, she fails to state a claim cognizable upon federal habeas review. *See* 28 U.S.C. § 2254(a) (federal habeas relief is available only if an inmate is being held "in violation of the Constitution or laws or treaties of the United States"). This Court has no warrant to review a decision resolving a claim of a state law violation, as it can entertain only purported violations of the U.S. Constitution or federal law. *See, Estelle v. McGuire,* 502 U.S. at 67–68.

Petitioner's claim is framed, in part, as a violation of the Eighth Amendment. Regarding the federal component of her claim, Respondent argues that Petitioner has procedurally defaulted her Eighth Amendment argument claiming cruel and unusual punishment because she only argued state law cases and state statutes when raising this issue in her appellate brief to the TCCA in the direct appeal of her convictions [Doc. 8 at 30].

Exhaustion of state remedies "requires that petitioners 'fairly presen[t]' federal claims to the state courts in order to give the State the ''opportunity to pass upon and correct' alleged violations of its prisoners' federal rights.'" *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275)). "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Duncan*, 513 at 365-66. Thus, before seeking a federal writ of habeas corpus, a state prisoner must fairly present her claim to each appropriate state court by alerting that court to the federal nature of the claim. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

After review of the record, this Court finds that Petitioner did not fairly present this claim to the state court as a federal constitutional violation. Although Petitioner argued on direct appeal that the trial court erred in imposing consecutive sentences, she did so solely citing only state law cases in support [Doc. 7, Exhibit 15 at 46]. Petitioner did not cite to any provision of the United States Constitution in her brief to the TCCA on direct appeal nor cite to a single Supreme Court or federal case in support of her claim. *See Dye v. Hofbauer*, 546 U.S. 1, 3-4 (2005) (claim that featured citations to specific provision of the Constitution and four federal cases alerted the state court that the claim "was based, at least in part, on a federal right"); *Trimble v. Bobby*, 804 F.3d

767, 781 (6th Cir. 2015) (federal claim clearly presented to state court where claim explicitly involved three separate federal constitutional provisions and four Supreme Court cases in support).

Petitioner's failure to alert the TCCA to any federal claim arising from error in sentencing is confirmed by the TCCA's decision on direct review, as the appellate court analyzed and denied Petitioner's claim under Tennessee state law [Doc. 7, Exhibit 16 at 45]. Because Petitioner failed to fairly present her challenge to the trial court imposing consecutive sentences as a federal constitutional claim to the TCCA on direct appeal, she failed to exhaust that claim, and she now is precluded from returning to state court to pursue it. Accordingly, her claim is procedurally defaulted. Moreover, Petitioner has asserted no cause for not raising that issue as a constitutional claim on direct appeal, nor has she asserted prejudice arising from the procedural default of that claim. Accordingly, Petitioner is not entitled to relief on this claim and this claim will be **DISMISSED**.

## VI.     CONCLUSION

For the reasons set forth above, Petitioner's § 2254 petition [Doc. 1] will be **DENIED** and this action will be **DISMISSED**.

## VII.    CERTIFICATE OF APPEALABILITY

The Court must consider whether to issue a certificate of appealability ("COA") should Petitioner file a notice of appeal. Under 28 U.S.C. § 2253(a) and (c), a petitioner may appeal a final order in a habeas proceeding only if she is issued a COA, and a COA may only be issued where a Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on a procedural basis without reaching the underlying claim, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000). Where the court dismissed a claim on the merits, but reasonable jurists could conclude the issues raised are adequate to deserve further review, the petitioner has made a substantial showing of the denial of a constitutional right. *See Miller-El*, 537 U.S. at 327, 336; *Slack*, 529 U.S. at 484. After reviewing each of Petitioner's claims, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right as to any claims. Because the Court's assessment of Petitioner's claims could not be debated by reasonable jurists, such claims are inadequate to deserve further consideration, and the Court will **DENY** issuance of a COA. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b); *Miller-El*, 537 U.S. at 327.

The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE